### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| STACIA RENFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-02382 (RC) |
| ) | |
| CAPITAL ONE AUTO FINANCE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### <u>MEMORANDUM OPINION</u>

This civil action found its way to this Court when, on September 9, 2021, defendant

Capital One Auto Finance ("Capital One" or "defendant") removed it from the Superior Court of

the District of Columbia.  ECF No. 1 (Notice of Removal); ECF No. 1-1 (Complaint).  Plaintiff

since has filed two amended complaints (ECF Nos. 14 and 20).

Now before the Court are Capital One's motions to dismiss (ECF Nos. 6 and 23) under

Federal Rule of Civil Procedure 12(b)(6).  Because plaintiff is proceeding *pro se*, the Court not

only treats her original and amended complaints together as the operative pleading, but also

considers all of plaintiff's motions and additional filings as her opposition to Capital One's

motions.  For the reasons discussed below, the Court will GRANT Capital One's motions to

dismiss the complaint, as amended, and all other pending motions (ECF Nos. 8, 10, 19, 22, 24,

26, 27, 28, 31 and 32) will be denied.

### I. BACKGROUND

Plaintiff's filings are long on legal conclusions and short on facts.  Missing are factual

allegations or exhibits indicating what, when, or how Capital One violated the law and harmed

1

plaintiff.  That said, the Court surmises from the parties' submissions that plaintiff secured a loan from Capital One to purchase an automobile, that plaintiff defaulted on the loan, that Capital One reported the loan delinquency to credit reporting agencies, and that Capital One attempted to collect the debt.

Generally, plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692 *et seq*., Uniform Commercial Code § 2-302, the Telephone Consumer Protection Act ("TCPA"), *see* 47 U.S.C. § 227 *et seq*., the Fair Credit Reporting Act ("FCRA"), *see* 15 U.S.C. § 1681 *et seq*., the Truth in Lending Act ("TILA"), *see* 15 U.S.C. § 1601 *et seq*., as well as abusive, deceptive, and unfair practices, and invasion of privacy.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim upon which relief can be granted" to survive a motion to dismiss.  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  It does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the Court to determine whether a plaintiff has properly stated a claim.  *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991).  "[W]hen ruling on a defendant's motion to dismiss [under Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint[,]" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citations omitted), and construe them liberally in the plaintiff's favor.  Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means plaintiff's

factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.   The Court neither must accept a plaintiff's legal conclusions as true, *see id*., nor must presume the veracity of legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.

"In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice."  *EEOC v. St. Francis Xavier Parochial Sch*., 117 F.3d 621, 624 (D.C. Cir. 1997).  Such includes integral documents that are "attached to the motion papers."  *Strumsky v. Washington Post Co*., 842 F. Supp. 2d 215, 217-18 (D.D.C. 2012) (citations omitted).

A *pro se* plaintiff's pleading is held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  While the Court must "consider[] in toto" all of a *pro se* plaintiff's filings to determine whether they "set out allegations sufficient to survive dismissal," *Brown v. Whole Foods Mkt. Grp., Inc*., 789 F.3d 146, 151 (D.C. Cir. 2015) (reversing the district court because it failed to consider allegations found in a *pro se* plaintiff's opposition to a motion to dismiss), it is not the Court's job to "cull through every filing of a *pro se* litigant to preserve a defective complaint," *Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999).  "A *pro se* complaint, like any other, must present a claim upon which relief can be granted."  *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (per curiam).  Dismissal always remains appropriate "where the plaintiff's complaint provides no

factual or legal basis for the requested relief." *Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011) (citations omitted).

**B. Fair Debt Collection Practices Act Claim**

FDCPA "imposes civil liability on debt collectors for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010) (brackets and internal quotation marks omitted). For example, FDCPA "prohibits debt collectors from . . . communicating with consumers at an unusual time or place likely to be inconvenient to the consumer[,] or using obscene or profane language or violence or the threat thereof." *Id.* at 577 (internal citations and quotation marks omitted). It defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

In addition, FDCPA defines the term "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). If, for example, a financial institution extended credit to a borrower, and attempted to collect on the debt when the borrower defaulted, the financial institution is not considered a "debt collector" for purposes of FDCPA. *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017) (affirming Fourth Circuit ruling that company which purchased debt originated by another and which attempted to collect debt on its own account is not a "debt collector"); *Bank of New York Mellon Tr. Co. N.A. v. Henderson*, 862 F.3d 29, 34 (D.C. Cir. 2017) (concluding that Bank is not "debt

collector" absent "evidence to indicate the Bank's 'principal' business is debt collection" or that "the Bank is seeking to collect [a debt] 'due another'").

Plaintiff alleges unspecified violations of FDCPA. *See, e.g.*, ECF No. 1-1 at 2 (stating that action is "for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act"); ECF No. 14 at 2 (asserting that Capital One Auto Finance is a debt collector); ECF No. 20 at 5 (alleging Capital One "provided . . . false and misleading representations pursuant to 15 USC 1692e"); ECF No. 19 at 2 (asserting that Capital One Auto Finance is a debt collector).[1]  Capital One moves to dismiss this claim, arguing that it is not a "debt collector" to which FDCPA applies. *See* ECF No. 23-1 (Mem. of Law in Support of Mot. by Capital One Auto Finance to Dismiss Pursuant to 12(b)(6), "Def.'s Second Mem.") at 4-7; ECF No. 6 (Mem. of Law in Support of Motion by Capital One Auto Finance to Dismiss Pursuant to 12(b)(6), "Def.'s First Mem.") at 5-6.  At most, Capital One argues, it would have been a creditor collecting on its own account, *see* Def.'s Second Mem. at 5, such that it is not a "debt collector" for FDCPA purposes.

Given the dearth of factual allegations in plaintiff's submissions and plaintiff's failure to respond to the substance of Capital One's argument, the Court concludes that plaintiff fails to state a claim under FDCPA.  She manages only to assert that Capital One is a "debt collector" which violated FDCPA in an unstated way at an unspecified time, without refuting Capital One's assertion that, as a creditor collecting its own debt, it is not subject to FDCPA.  Plaintiff's vague and conclusory allegations simply cannot withstand a motion to dismiss.  *See Peek v. SunTrust Bank, Inc.*, No. 19-CV-658, 2020 WL 1429935, at *7 (D.D.C. Mar. 24, 2020) (finding that mortgagee "is the creditor of [plaintiff's] mortgage loan," and in this capacity is not liable under

---

[1]     The Court refers to the parties' submissions by the page numbers CM/ECF designates.

FDCPA), *aff'd*, 848 F. App'x 6 (D.C. Cir. 2021) (per curiam); *Carbin v. NRA Grp., LLC*, No. 18-CV-2635, 2019 WL 161724, at *1 (D.D.C. Jan. 10, 2019) (finding allegations that defendant was "being deceptive in trying to collect an alleged debt and (2) being abusive in [its] conduct" were deficient); *Gore v. First Union Nat'l Bank*, No. 01-CV-2166, 2002 WL 34926295, at *4 (D.D.C. July 29, 2002) ("In order to state a claim under the FDCPA, Plaintiff must do more than merely recite the statutory language contained in the FDCPA or state vague and conclusory allegations that Defendants violated the FDCPA.").

### C. Uniform Commercial Code

Plaintiff alleges that the unidentified contract with Capital One is unconscionable and runs afoul of the Uniform Commercial Code. *See, e.g.*, ECF No. 20 at 3 (alleging defendant "offered an Unconscionable Contract Pursuant UCC 2-302"); ECF No. 22 at 2 (alleging "clear and unconscionable contract (UCC2-302)"). Under District of Columbia law, "[if] the court as a matter of law finds the contract . . . to have been unconscionable at the time it was made the court may refuse to enforce the contract[.]" D.C. Code § 28:2-302(1). Plaintiff does not produce a contract, without which the Court cannot review its terms or determine whether its terms are unconscionable and therefore unenforceable.

In addition, plaintiff appears to raise a fraud claim and cites Article 9 of the Uniform Commercial Code, regarding secured transactions, in support. *See, e.g.,* ECF No. 14 at 2 (alleging charge off "is Fraudulent Pursuant (UCC 9)"); ECF No. 22 at 4 (alleging that charging off account "is fraudulent pursuant (UCC 9)"). It is not clear whether or how Article 9 of the Uniform Commercial Code is relevant here. What is clear is plaintiff's failure to allege a fraud claim adequately.

Under District of Columbia law, "[t]he essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 275 (D.D.C. 2011) (citations omitted).  Federal Rule of Civil Procedure 9 requires that a plaintiff "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  To this end, a complaint must "state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *U.S. ex rel. Williams v. Martin-Baker Aircraft Co*., 389 F.3d 1251, 1256 (D.C. Cir. 2004) (quoting *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1278 (D.C. Cir. 1994)).

Where, as here, plaintiff neither addresses the elements of a common law fraud claim nor states with particularity the acts from which her fraud claim arises, the claim fails.  *See Lewis v. Full Sail, LLC*, 266 F. Supp. 3d 320, 325 (D.D.C. 2017) (where plaintiff "has not provided any specifics concerning misrepresentations made by [defendants]" he "has not pleaded with particularity the fraudulent representations of [defendants], and thus he has failed to state a claim of fraud."); *Carter v. Bank of America, N.A.*, 888 F. Supp. 2d 1, 14 (D.D.C. 2012) (noting plaintiff's failure to plead elements of fraud claim, to "provide[] even approximate dates of when fraudulent statements were made to her [and] the specific nature of the assurances").

**D. Telephone Consumer Protection Act Claim**

"[T]he TCPA generally makes it unlawful to call a cell phone using an [automatic telephone dialing system]." *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 693 (D.C. Cir. 2018); *see Loyhayem v. Fraser Fin. & Ins. Servs., Inc.*, 7 F.4th 1232, 1233 (9th Cir. 2021) ("Among other things, the TCPA generally makes it illegal to place what are colloquially known

as 'robocalls' to someone's home phone or cell phone, subject to differing rules depending on which type of phone number is called."). "[A] necessary feature of an autodialer . . . is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).

"To state a claim under . . . TCPA, a plaintiff must allege: (1) that the defendant called the plaintiff's cellular telephone; (2) using an automatic telephone dialing system; (3) without the plaintiff's prior express consent." *Hossfeld v. Gov't Employees. Ins. Co.*, 88 F. Supp. 3d 504, 509 (D. Md. 2015). Here, as Capital One notes, *see* Def.'s First Mem. at 6-7, plaintiff fails to address any of these elements. Rather, she alleges unspecified violations of TCPA, *see, e.g.,* ECF No. 1-1 at 3 (alleging "36 (TCPA violations) occurring after a cease and desist was sent to the defendant"); ECF No. 14 at 2 (alleging Capital One contacted plaintiff "63X after a Cease and Desist was filed"); ECF No. 20 at 3 (same), without stating that Capital One called her using an automatic telephone dialing system. Plaintiff's conclusory allegations fall far short of stating a plausible TCPA claim. *See Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 603 (E.D. Pa. 2021) (dismissing TCPA claim where "Amended Complaint does not plausibly allege that the [defendant] used an [automatic telephone dialing system] to send the messages at issue").

### E. Fair Credit Reporting Act Claim

Generally, FCRA's purpose is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citations omitted). Only one FCRA provision permits a private right of action. *See Mazza v. Verizon Washington DC, Inc.*, 852 F. Supp. 2d 28, 34 (D.D.C. 2012) (recognizing, "as courts in this District and multiple Circuits have held, the FCRA does provide a

private right of action for violations under Section 1681s–2(b)").  Under 15 U.S.C. § 1681s–2(b), "upon being notified by a credit reporting agency of a dispute as to the accuracy of its information, the furnisher of information to a credit reporting agency [CRA] 'has duties under [the Fair Credit Reporting Act] to investigate the disputed information and correct it as necessary.'"  *Haynes v. Navy Fed. Credit Union*, 52 F. Supp. 3d 13, 19 (D.D.C. 2014) (quoting *Ihebereme v. Capital One, N.A.*, 933 F.Supp.2d 86, 111 (D.D.C. 2013), *aff'd*, 573 F. App'x 2 (D.C. Cir. 2014) (per curiam)).  "FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of [its] requirements."  *Mazza*, 852 F. Supp. 2d at 34 (citing 15 U.S.C. §§ 1681n (creating civil liability for willful noncompliance with any portion of the Act) and 1681*o* (creating civil liability for negligent noncompliance with any portion of FCRA).

A viable FCRA claim requires that a plaintiff "show that (1) [she] notified the [credit reporting agency] directly regarding the disputed credit information, and (2) that the [credit reporting agency] in turn provided notice to the furnisher of [plaintiff's] credit information, which was then obligated to conduct an investigation into the dispute."  *Mazza*, 852 F. Supp. 2d at 35 (citations omitted).  A person who violates the FCRA's requirements "with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure[.]"  15 U.S.C. § 1681*o*(a)(1).

Plaintiff alleges violations of FCRA, *see, e.g.,* ECF No. 14 at 2 (alleging Capital One "consistently reported late payments" but "Late payments are not supposed to be on a consumer report"); ECF No. 20 at 5 (same); ECF No. 22 (same); ECF No. 30 at 3 (alleging plaintiff "never gave any reporting agency direct written consent to report anything on [her] consumer report, no consent is identity theft"), yet none of her submissions sets forth facts to support these assertions.

Capital One argues that FCRA "only provides for a private right of action in the very specific circumstance where the consumer submitted a dispute to a consumer reporting agency," and moves to dismiss because "[p]laintiff's claim is not grounded in such a dispute[.]"  Def.'s Second Mem. at 8; *see* Def.'s First Mem. at 6.  The Court concurs.

Nowhere does plaintiff allege she contacted a credit reporting agency directly to dispute credit information Capital One may have furnished.  It is not enough that she notified Capital One in the course of this litigation.  *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) ("Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer."); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639–40 (5th Cir. 2002) (finding that FCRA claims fail when plaintiff does not produce "evidence tending to prove the [furnisher of information] received notice of a dispute from a consumer reporting agency within five days, as is required to trigger [the furnisher's] duties under Section 1681s–2(b).").  For this reason, plaintiff's FCRA claim, too, fails.

### F. Truth in Lending Act Claim

Generally, TILA requires "accurate and meaningful disclosure of material terms to consumers in credit transactions."  *Solomon v. Falcone*, 791 F. Supp. 2d 184, 188 (D.D.C. 2011) (citing 15 U.S.C. § 1601).  "Material terms" include "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and [other] disclosures[.]"  15 U.S.C. § 1602(v).

"To state a claim under TILA, a plaintiff must show either that she did not receive the required disclosures or that the disclosures provided were not clear and conspicuous."  *Thompson*

*v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 276 (D.D.C. 2012) (internal quotation marks and citations omitted).  What few allegations plaintiff provides, *see, e.g.,* ECF No. 14 at 2 (alleging Capital One "did not provide clear and conspicuous disclosures" regarding right of recission); ECF No. 22 at 2 (alleging "no disclosures or rights of recission"); ECF No. 30 at 3 (alleging Capital One "failed to provide any disclosure recission notice"), are far too vague and conclusory to support a TILA claim.  *See Travers v. Wells Fargo Bank*, No. 09-CV-1061, 2010 U.S. Dist. LEXIS 162843, at *4 (D.D.C. May 5, 2010) (dismissing TILA claim where plaintiff "does not offer a single citation to TILA or Regulation Z," and offers no "specifics on how the disclosures were incomplete, misleading, or difficult to understand").

### G. Abusive, Deceptive, and Unfair Practices, and Invasion of Privacy

The Court need not linger over plaintiff's assertions of "abusive, deceptive, and unfair practices and invasion of privacy."  ECF No. 1-1 at 2; *see* ECF No. 24-1 at 2 (alleging "privacy has been breached").  A complaint presenting an "untidy assortment of claims that are neither plainly nor concisely stated" must be dismissed.  *Poblete v. Goldberg*, 680 F.Supp.2d 18, 19 (D.D.C. 2009) (quotation marks omitted); *see Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 404 (D.C. Cir. 2012) (dismissing a complaint because it was unclear "who breached what obligation and how, and the manner in which the defendants intentionally caused that breach").

## III. CONCLUSION

Having considered plaintiff's original complaint, two amended complaints, and all her motions and filings, the Court concludes that none states a claim upon which relief can be granted.  Capital One's motions to dismiss will be granted, all other motions will be denied, and the complaint, as amended, and this civil action will be dismissed.  An Order is issued separately.

DATE: April 25, 2022                           /s/
                                               RUDOLPH CONTRERAS
                                               United States District Judge